IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER PRIMERO,

    Petitioner,

vs.                                                                                                  No. CV 16-00448 MV/LAM

LEA COUNTY CORRECTIONAL FACILITY,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter comes before the Court, *sua sponte*, under rules 4 and 11 of the Rules Governing Section 2254 Cases, on Petitioner Christopher Primero's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). The Court will dismiss the Petition for lack of jurisdiction as a second or successive 2254 petition filed without authorization. Also before the Court is Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which the Court will deny as moot in light of its dismissal of this proceeding.

In a previous § 2254 proceeding, *Primero v. Janecka,* No. CV 09-00113 JB/GBW, Petitioner attacked the same state court criminal conviction, State of New Mexico, Third Judicial District No. CR 2004-01254, on grounds of due process violations in the prosecution of the case and ineffective assistance of counsel arising out of a plea agreement in the state court criminal case. *See* CV 09-00113 Doc. 1; *see, also, Duhart v. Carlson,* 469 F.2d 471, 473 10th Cir. 1972) (the court may take judicial notice of its own records.) The Court determined that Petitioner's claims were time-barred and dismissed the petition as untimely. (CV 09-00113 Doc. 16, 20). The Court also denied two subsequent motions for reconsideration. (CV 09-00113 Doc. 23, 24).

The United States Court of Appeals for the Tenth Circuit denied a certificate of appealability and dismissed the Petitioner's appeal. (CV 09-00113 Doc. 34). Petitioner now brings a new § 2254 petition raising ineffective judicial process, ineffective assistance of counsel, and error in not allowing him to withdraw his guilty plea in the state court criminal proceeding. (Doc. 1 at 5-8, 16-23).

Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application shall also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or may dismiss the petition for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997).

The current Petition is Petitioner's second and is not accompanied by an authorizing order from the Court of Appeals. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and

must either dismiss Petitioner's Petition or transfer this proceeding to the Tenth Circuit. Applying the *Cline* factors, the Court finds it is not in the interest of justice to transfer the proceeding. Many of the claims raised by Petitioner are a restatement of the due process and ineffective assistance of counsel arguments made in his first petition. *Coleman v. United States,* 106 F.3d at 341.

To the extent he seeks to raise new claims, Petitioner does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Instead, he raises a 2012 state district court denial of his motion to withdraw his plea and the failure of the New Mexico Supreme Court to act on a petition for certiorari. The record indicates that the state district court denied the motion to withdraw his plea based on its 2008 order in which the Court found that the plea colloquy established the plea was voluntary and not the result of force, threats or promises and denied habeas corpus relief. (Doc. 1 at 24). Moreover, because the motion to withdraw his plea was not a habeas corpus proceeding and Petitioner did not file a direct appeal from the order of denial, the New Mexico Supreme Court did not have certiorari jurisdiction to consider his petition for writ of certiorari. *See* N.M.R.App.P. 12-501. Petitioner does not rely on a factual predicate that could not have been discovered previously through the exercise of due diligence and is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B).

Last, even if the current § 2254 Petition had been authorized, it was filed almost four years after the state court's denial of the 2012 motion to withdraw the plea agreement. Under 28 U.S.C. § 2244(d) a petition for writ of habeas corpus must be filed within one year of the date the

judgment became final, the date an impediment to filing was removed, or the date on which the factual predicate of the claim could have been discovered through the exercise of diligence. Petitioner's Petition would be subject to dismissal as untimely under § 2244(d).

Petitioner has filed his second or successive §2254 Petition without authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2241(b)(3). Petitioner also fails to establish any grounds that would permit him to proceed on a second or successive petition and his current Petition would be subject to dismissal as untimely. 28 U.S.C. § 2244(b)(2). Appling the *Cline* factors, the Court determines it is not in the interests of justice, declines to transfer the Petition to the Tenth Circuit, and will dismiss for lack of jurisdiction. *Cline,* 531 F.3d at 1252; *Coleman v. United States,* 106 F.3d at 341. Under rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED** that Petitioner Christopher Primero's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered. **IT IS FURTHER ORDERED** that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **DENIED** as moot in light of the Court's dismissal of this proceeding.

_____
UNITED STATES DISTRICT JUDGE